HIRAM YOUNG *vs.* AUGUSTA M. ESTES.

*Statute—construction of.  Widow—quarantine of.*

The phrase "house of her husband," in R. S. c. 103, § 14, providing that a widow may remain in the house of her husband ninety days next after his death, without being chargeable with rent therefor, means the house in which her husband owned the fee at the time of his decease.

Hence, the widow of a mortgager of a house is not entitled to remain in the house ninety days next after her husband's death, as against the assignee of the mortgagee.

ON EXCEPTIONS.

WRIT OF ENTRY.   Writ dated Feb. 21, 1870.

The demanded premises, consisting of a small lot and dwelling-house thereon, were owned by one Ephraim A. Estes, husband of the defendant, on Jan. 9, 1867, when he mortgaged them to one W. L. Chapman, who, on March 1, 1867, assigned the mortgage to Robert C. Kimball, who, on Jan. 19, 1870, assigned the same to plaintiff.

Ephraim A. Estes died Dec. 19, 1869, in possession of the premises, and the defendant continued in possession to the date of the writ, and was still in possession at the time of the trial.

The case was submitted to the presiding judge, with right to except, who ordered judgment for the plaintiff; whereupon, the defendant alleged exceptions.

*S. F. Gibson*, for the plaintiff.

*D. Hammons*, for the defendant.

APPLETON, C. J.   By R. S. c. 103, § 14, "a widow may remain in the house of her husband ninety days after his death, without being chargeable with rent therefor."

The house must be the house of her husband, not the house of another.   The rights of the wife are derived from and through the husband.   The right of the widow to quarantine, relates only to

lands in which the widow has a right or claim to dower. *Voelck-ner* v. *Hudson*, 1 Sandf. (S. C.) 215. " The provision for quarantine relates only to the claim of the widow against the heirs or those claiming the estate under her deceased husband, and does not apply to strangers or persons claiming by an adverse title. She is in no better condition to defend her property against an adverse or paramount title, than her husband would have been." 2 Scribner on Dower, 57. So if the husband was tenant in common of the house he occupied, the widow has no right to hold possession of the entire house to the exclusion of the co-tenant of her deceased husband. *Collins* v. *Warren*, 29 Miss. 23. " The law, " say the court, " was only designed for the cases when the husband died the sole owner of the mansion-house. It must be his and his exclusively. It was never intended that the widow should have her quarantine at the expense of those who are in no ways connected with her."

These principles are applicable to a mortgagee, whose rights, as in the present case, are prior and paramount to those of the wife, who is entitled only to dower in the equity of redemption. As between the husband of the defendant, and the mortgagee or his assignee, the fee was in the latter. *Blaney* v. *Bearce*, 2 Greenl. 132.

*Exceptions overruled.*

WALTON, DICKERSON, BARROWS, DANFORTH, and TAPLEY, JJ., concurred.